# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR JOHNSON, <br> a/k/a/ OMAR JOHNSON ASHANTI, <br><br> Plaintiff, <br><br> vs. <br><br> RASHIDA POLLION, *et al.*, <br><br> Defendants. | CIVIL NO. 08-cv-065-WDS |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**FACTS ALLEGED**

This action involves Plaintiff's asthmatic condition. He states that in October 2005, Defendant Pollion decided to discontinue Plaintiff's participation in the asthma clinic, including a discontinuation of his medication. She made this decision even though Plaintiff told her he used his inhaler about three times per month; the clinic policy apparently states that one could be removed from the program if he had gone for a year without asthmatic symptoms or attacks for a period of one year. At that time, Pollion told him he would be scheduled for a return visit in February 2006, but this visit did not happen.

Apparently Plaintiff was fine until spring 2006. At that time, he began experiencing asthmatic symptoms, but he did not have an inhaler available to use. In May and June of 2006, he submitted several sick-call requests complaining of his symptoms. He alleges that Defendant Doe, the cell house CMT, either ignored, misplaced, or misdirected these sick-call requests, thus prolonging the period of time in which he was prone to suffering asthmatic symptoms. Finally, on June 5, 2006, Plaintiff saw Pollion at the clinic. After needling him about becoming addicted to the medication, she prescribed an albuterol inhaler to be delivered to his cell. Over a week passed without his receiving that inhaler, which Plaintiff mentioned when he saw Pollion on June 14. She seemed surprised but did not take personal responsibility for bringing him an inhaler, and apparently an inhaler was not sent to him.

Defendants Moore and Hurst are the pharmacists at Menard. Plaintiff alleges that they have failed to fill and deliver prescriptions to him as directed by Pollion in June 2006. As a result of their deficient performance, he suffered several asthmatic spells in June, prior to his severe attack at the end of the month.

On June 30, 2006, Plaintiff suffered a severe asthma attack, leading him to file an emergency grievance with the warden, Defendant Hulick. Hulick received that grievance on July 5, 2006. From the exhibits, it appears that Plaintiff received an inhaler on July 1, 2006, due to the intervention of CMT Irwin, and another inhaler was delivered to him from the pharmacy on July 3. Therefore, Hulick deemed the grievance to be a non-emergency and directed it through the regular grievance process.

Finally, Plaintiff states that Defendant Feinerman is the medical director and head physician at Menard. As such, Plaintiff alleges that Feinerman is responsible for overseeing the performance of others on the medical staff and, as such, he should have been aware of Pollion's actions with regard to Plaintiff's treatment for asthma. Plaintiff also believes that Feinerman should have taken more proactive measures with regard to ensuring distribution of proper medication to him. He further states that he has only seen Feinerman twice since May 2006, following Plaintiff's repeated complaints about asthma.

## LEGAL ANALYSIS

Based upon these facts, Plaintiff alleges that all named defendants have acted with deliberate indifference to his serious medical needs.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).

> Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss Plaintiff's claims against Pollion and Feinerman at this point in the litigation. *See* 28 U.S.C. § 1915A. However, his allegations against Hulick, Moore, Hurst and Doe present, at best, claims of negligence, but such claims are not actionable under § 1983. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994). Therefore, he has failed to state a claim against these four defendants.

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendants **HULICK, MOORE, HURST** and **DOE** are **DISMISSED** from this action with prejudice. Dismissal of these claims constitutes one of Plaintiff's three strikes. 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **POLLION** and **FEINERMAN**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **POLLION** and **FEINERMAN** in the manner

specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Plaintiff's motion for service of process at government expense (Doc. 5) is now **MOOT**.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional

copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 25, 2008.**

                **s/ WILLIAM D. STIEHL**
                **DISTRICT JUDGE**