IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR JOHNSON,<br>a/k/a/ OMAR JOHNSON ASHANTI,<br><br>      Plaintiff,<br><br>vs.<br><br>RASHIDA POLLION, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)   CIVIL NO. 08-cv-065-WDS<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This action is before the Court to rule on Plaintiff's motion for reconsideration (Doc. 9). Technically, such a motion does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question (Doc. 6) was entered in this action on August 25, 2008, but the instant motion was not filed until October 2, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred. Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In his motion, Plaintiff challenges the Court's interpretation of his allegations and the application of the law to that interpretation. Such a challenge does not suggest clerical mistake or inadvertence; thus, Rule 60(b) cannot provide relief. Accordingly, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 18, 2009**

        **s/ WILLIAM D. STIEHL**
        **DISTRICT JUDGE**