# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL CASE NO. 08-65-JPG-PMF |
| RASHIDA POLLION, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's emergency motion for a preliminary injunction (Doc. No. 28). Plaintiff Omar Johnson filed this § 1983 action to challenge the conditions of his confinement at Menard Correctional Center. Specifically, he alleged that he was wrongfully deprived of asthma medication and received insufficient follow-up care for severe asthma symptoms experienced in May and June, 2006.

The current motion targets a completely different incident – improper and/or retaliatory mistreatment of a knee ailment on April 19, 2009. Plaintiff seeks an order prohibiting defendant Feinerman from performing future medical evaluations without supervision as well as an order directing him to order an imaging test to aid proper diagnosis of the knee ailment. The motion is opposed (Doc. No. 33).

In order to establish that he is entitled to a preliminary injunction, Johnson must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 313-314 (7th Cir. 1994). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Defendants correctly point out that plaintiff has not demonstrated a likelihood of success on his § 1983 claim. He is seeking preliminary injunctive relief on a new dispute with defendant Feinerman, which is not before the Court for a decision. The event described in the motion could not properly support a preliminary injunction in this case, which pertains to medical treatment for symptoms of asthma in 2006.

Plaintiff has available remedies. If he believes he faces a risk of immediate harm to his health and that he will suffer irreparable harm if certain steps are not taken to diagnose and treat his knee ailment, he may seek help using the prison's administrative remedy procedure. If his new concerns are not resolved during that process, he may file a new lawsuit seeking injunctive relief. In short, plaintiff's concerns regarding an injury flowing from a recent event may not be evaluated in this proceeding.

IT IS RECOMMENDED that plaintiff's motion for preliminary injunctive relief (Doc. No. 28) be DENIED without prejudice to plaintiff's right to pursue that relief in a separate proceeding.

**SUBMITTED:   May 22, 2009  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**